# NOS. 12-20-00173-CR
# 12-20-00174-CR
# 12-20-00175-CR
# 12-20-00176-CR
# 12-20-00177-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RODNEY KEVIN WILLIAMS,*<br>*APPELLANT* | § | *APPEALS FROM THE 262ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *HARRIS COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Rodney Kevin Williams appeals his convictions for aggravated sexual assault of a child under fourteen years of age, possession with the intent to promote child pornography, and possession of child pornography. In his sole issue, Appellant argues that his Sixth Amendment right to a speedy trial was violated and that the trial court erred in denying his motion to dismiss. We affirm as modified in appellate cause numbers 12-20-00173-CR and 12-20-00174-CR. We affirm in appellate cause numbers 12-20-00175-CR, 12-20-00176-CR, and 12-20-00177-CR.

## BACKGROUND

Appellant was charged by indictment with three separate charges of super aggravated sexual assault of a child less than six years of age, all first degree felonies.[1] Appellant was also

---

[1] *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B), (2)(B), (e), (f)(1) (West 2019).

charged with promotion of child pornography, a second degree felony,[2] and seventy counts of possession of child pornography, all third degree felonies.[3]

Appellant pleaded "guilty" to all charges. The trial court accepted Appellant's pleas and found him guilty of the three separate charges of super aggravated sexual assault of a child less than six years of age, possession with intent to promote child pornography, and possession of child pornography. The trial court assessed Appellant's punishment at life imprisonment for each offense of super aggravated sexual assault of a child less than six years of age, twenty years of imprisonment for the promotion of child pornography charge, and ten years of imprisonment for possession of child pornography.

On June 27, 2018, the Texas Court of Criminal Appeals found that Appellant's trial counsel was deficient, and that Appellant's guilty pleas were involuntary. *See Ex parte Williams*, Nos. WR-82,421-02, WR-82,421-03, WR-82,421-04, WR-82,421-05, WR-82,421-06, 2018 WL 3134513, at *1 (Tex. Crim. App. June 27, 2018) (orig. proceeding) (op, not designated for publication) (per curiam). The Court granted relief to Appellant, set aside the judgments, and remanded the case for Appellant to answer the charges as set out in the indictments. *See id.* The trial court was obligated to issue any necessary bench warrant after the Court's mandate issued. *See id.* The trial court issued a bench warrant for Appellant on July 17, 2018, and appointed counsel for him on August 10, 2018. Appellant filed an amended motion to dismiss on September 6, 2019, and after a hearing on September 27, the trial court denied Appellant's amended motion to dismiss.

On June 4, 2020, Appellant pleaded "guilty" to three charges of aggravated sexual assault of a child under fourteen years of age,[4] the charges having been reduced from super aggravated sexual assault of a child less than six years of age; possession with intent to promote child pornography, and one count of possession of child pornography.[5] Appellant and his attorney signed various documents in connection with his guilty plea in each case, including a waiver of

---

[2] *See id*. § 43.26(e), (g) (West 2016).

[3] *See id*. § 43.26(a), (d) (West 2016).

[4] *See id*. § 22.021(a) (1) (B), (2) (B), (e) (West 2019).

[5] Regarding the seventy counts of possession of child pornography in the original indictment, the State abandoned all but one count of the indictment.

constitutional rights, agreement to stipulate, judicial confession, and admonishments in which he confessed, and admitted, that he committed each and every allegation contained in the indictments, and that he is guilty of the offenses alleged. The trial court entered Appellant's pleas of guilty and found him guilty of three charges of aggravated sexual assault of a child under fourteen years of age, possession with intent to promote child pornography, and possession of child pornography. The trial court assessed Appellant's punishment at fifty years of imprisonment for each of the three charges of aggravated sexual assault of a child under fourteen years of age, twenty years of imprisonment for the charge of possession with intent to promote child pornography, and ten years of imprisonment for possession of child pornography. The trial court ordered that Appellant's sentences run concurrently. These appeals followed.[6]

## RIGHT TO SPEEDY TRIAL

In his sole issue on appeal, Appellant argues that the trial court erred in denying his amended motion to dismiss, thereby violating his Sixth Amendment right to a speedy trial. The essential ingredient of the Sixth Amendment's speedy trial guarantee is "orderly expedition and not mere speed." *U.S. v. Marion*, 404 U.S. 307, 313, 92 S. Ct. 455, 459, 30 L. Ed. 2d 468 (1971) (Sixth Amendment right to speedy trial would appear to guarantee criminal defendant that government will move with dispatch that is appropriate to assure him early and proper disposition of charges against him). Since 1972, United States Supreme Court precedent has required courts to analyze federal constitutional speedy trial claims "on an ad hoc basis" by weighing and then balancing four factors: (1) length of the delay; (2) reason for the delay; (3) assertion of the right; and (4) prejudice to the accused. *Barker v. Wingo*, 407 U.S. 514, 530, 92 S. Ct. 2182, 2192, 33 L. Ed. 2d 101 (1972). This balancing test requires weighing case by case "the conduct of both the prosecution and the defendant." *Id.* No single factor is a "necessary or sufficient condition to the finding" of a speedy trial violation. *Id.*, 407 U.S. at 533, 92 S. Ct. at 2193; *State v. Wei*, 447 S.W.3d 549, 553 (Tex. App.–Houston [14th Dist.] 2014, pet. ref'd). The related factors must be considered together with such other circumstances as may be relevant. *See Wei*, 447 S.W.3d at 553.

---

[6] Appellant filed a "brief" and letter with this Court, which we construe as attempted supplemental appellate briefing. Because Appellant is represented by appellate counsel, who filed an appellant's brief on his behalf, we do not consider any of the briefing in his "brief" or letter because he is not entitled to hybrid representation. *See Marshall v. State*, 210 S.W.3d 618, 620 n.1 (Tex. Crim. App. 2006); *Scheanette v. State*, 144 S.W.3d 503, 505 n.2 (Tex. Crim. App. 2004).

In reviewing the trial court's decision on Appellant's speedy trial claim, we apply a bifurcated standard of review. *See* **State v. Munoz**, 991 S.W.2d 818, 821 (Tex. Crim. App. 1999). We review factual issues for abuse of discretion and review legal issues de novo. *Id.* Because the trial court ruled against Appellant on his amended motion to dismiss, we must presume the trial court resolved any disputed fact issues in the State's favor, and we are required to defer to these implied findings of fact that the record supports. *See id.*

The length of the delay between an initial charge and the defendant's demand for speedy trial acts as a triggering mechanism. *See* **Zamorano v. State**, 84 S.W.3d 643, 648 (Tex. Crim. App. 2002) (en banc); **Munoz**, 991 S.W.2d at 821. Unless the delay is presumptively prejudicial, courts need not examine the other three factors. **Zamorano**, 84 S.W.3d at 648. Thus, any speedy trial analysis depends first upon whether the delay is more than "ordinary"; if so, the longer the delay beyond that which is ordinary, the more prejudicial that delay is to the defendant. **Gonzalez v. State**, 435 S.W.3d 801, 809 (Tex. Crim. App. 2014); **Zamorano**, 84 S.W.3d at 649.

In his brief, Appellant contends that the calculation of the length of delay begins on the date of his arrest, July 18, 2009, to the date of the hearing on the amended motion to dismiss, September 27, 2019. He argues that this ten-year period is presumptively prejudicial. In response, the State contends that Appellant's calculation ignores that the speedy trial right detaches upon conviction and other precedent that excludes pre-demand delay. We agree.

In **Betterman v. Montana**, the United States Supreme Court found that the constitutional right to a speedy trial attaches when a defendant is arrested or formally accused. **Betterman v. Montana**, 578 U.S. 437, 441, 136 S. Ct. 1609, 1613, 194 L. Ed. 2d 723 (2016). However, the speedy trial right loses force upon conviction because the Speedy Trial Clause guarantees "the accused" the right to a speedy "trial." *See id.*, 578 U.S. at 442-43, 136 S. Ct. at 1614. Thus, the right to a speedy trial detaches upon conviction. *See id.* In other words, the Sixth Amendment speedy trial right does not extend beyond conviction. *See id.*, 578 U.S. at 448, 136 S. Ct. at 1618.

However, the Supreme Court stated that it did not "decide whether the right reattaches upon renewed prosecution following a defendant's successful appeal, when he again enjoys the presumption of innocence." *See id.*, 578 U.S. at 441, n.2, 136 S. Ct. at 1613. The Court of Criminal Appeals answered that question in **Soffar v. State**, holding that the defendant's claim that the twenty-five years between his first trial and retrial is presumptively prejudicial amounts

to an assertion that he should have been prosecuted while incarcerated pursuant to a presumptively valid conviction. *See Soffar v. State*, No. AP-75,363, 2009 WL 3839012, at *39 (Tex. Crim. App. Nov. 18, 2009) (op., not designated for publication) (per curiam). The Court found this claim to be illogical and stated that any effort to retry defendant while his appeal and post-conviction proceedings were underway would have run afoul of the Double Jeopardy Clause. *See id.*

Further, the defendant's claim that ineffective counsel at his first trial ultimately resulted in the denial of his right to a speedy trial was without merit. *See id.* The Court stated that the defendant had not shown that the State in any way intended to deprive him of his right to a speedy trial when his first trial attorneys were appointed. *See id.* According to the Court, following the defendant's logic would undoubtedly lead to an absurd result—an individual whose conviction is later reversed may be immune from re-prosecution based on the denial of the right to a speedy trial. *See id.* The Court found that such a result would undermine the policy interests that have been preserved by the Supreme Court's interpretation of the Speedy Trial Clause—society's interest in prosecuting persons accused of crimes, "rather than granting them immunization because of legal error at a previous trial" and making it more probable that appellate courts will overturn convictions when necessary. *See id.* The Court concluded that the speedy trial clock began to run, at the earliest, on the date that the defendant's conviction and sentence were reversed. *See id.*

Here, Appellant was arrested on July 18, 2009, pleaded "guilty" to three separate charges of super aggravated sexual assault of a child less than six years of age, possession with intent to promote child pornography, and possession of child pornography, and was convicted on April 5, 2010. On June 27, 2018, the Texas Court of Criminal Appeals found that Appellant's trial counsel was deficient, and that Appellant's guilty pleas were involuntary, thereby reversing his conviction and sentence. *See Ex parte Williams*, 2018 WL 3134513, at *1. Pursuant to *Betterman* and *Soffar*, we will exclude the time before the June 27, 2018, reversal of Appellant's conviction and sentence in any length of delay analysis. *See Betterman*, 578 U.S. at 448, 136 S. Ct. 1618; *Soffar*, 2009 WL 3839012, at *39; *but see Emery v. State*, 881 S.W.2d 702, 708 (Tex. Crim. App. 1994) (finding eight and one-half years between defendant's initial indictment and second trial presumptively prejudicial). Therefore, the speedy trial clock began to run, at the

earliest, on the date that Appellant's conviction and sentenced were reversed, or June 27, 2018. *See Betterman*, 578 U.S. at 448, 136 S. Ct. 1618; *Soffar*, 2009 WL 3839012, at *39.

Although there is an approximately thirteen month delay from the reversal of his conviction and the hearing on his amended motion to dismiss, Appellant did not argue in his amended motion, at the hearing, or in his appellate brief that this time period is presumptively prejudicial. We conclude that the time period here is not presumptively prejudicial, and thus, we have no need to consider the remaining *Barker* factors. *See Soffar,* 2009 WL 3839012, at *39. Accordingly, the trial court did not err in denying Appellant's amended motion to dismiss. Appellant's sole issue is overruled.

ERROR IN JUDGMENTS

In reviewing the record, we note that on two of the original charges of super aggravated assault of a child less than six years of age, the plea documents signed by Appellant showed that the State reduced these charges to aggravated sexual assault of a child under fourteen years of age. However, the June 4, 2020, judgments of these two cases still showed Appellant's convictions as super aggravated sexual assault of a child less than six years of age instead of the agreed reduced charges of aggravated sexual assault of a child under fourteen years of age.

We have the authority to reform a judgment to make the record speak the truth. *Ingram v. State*, 261 S.W.3d 749, 754 (Tex. App.—Tyler 2008, no pet.); *see also Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003). The Texas Rules of Appellate Procedure expressly authorize us to modify the judgment of the trial court. TEX. R. APP. P. 43.2. Further, our authority to reform incorrect judgments is not dependent on the request of any party. *See Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.).

Accordingly, we modify the judgments in appellate cause number 12-20-00173-CR (trial court number 1224794) and appellate cause number 12-20-00174-CR (trial court number 1225681) to reflect that the convictions in both cases were "aggravated sexual assault of a child under fourteen years of age."

DISPOSITION

Having overruled Appellant's sole issue denying his amended motion to dismiss, we *modify* the judgments of the trial court in appellate cause number 12-20-00173-CR (trial court

number 1224794) and appellate cause number 12-20-00174-CR (trial court number 1225681), and *affirm* those judgments as *modified*.  We also *affirm* the remaining judgments of the trial court.

**BRIAN HOYLE**
Justice

Opinion delivered December 21, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

## DECEMBER 21, 2021

## NO. 12-20-00173-CR

**RODNEY KEVIN WILLIAMS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 262nd District Court
of Harris County, Texas (Tr.Ct.No. 1224794)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** to reflect that the conviction was "aggravated sexual assault of a child under fourteen years of age"; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 21, 2021**

**NO. 12-20-00174-CR**

**RODNEY KEVIN WILLIAMS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 262nd District Court

of Harris County, Texas (Tr.Ct.No. 1225681)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** to reflect that the conviction was "aggravated sexual assault of a child under fourteen years of age"; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 21, 2021**

**NO. 12-20-00175-CR**

**RODNEY KEVIN WILLIAMS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 262nd District Court
of Harris County, Texas (Tr.Ct.No. 1224792)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 21, 2021**

**NO. 12-20-00176-CR**

**RODNEY KEVIN WILLIAMS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 262nd District Court

of Harris County, Texas (Tr.Ct.No. 1225582101620)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 21, 2021**

**NO. 12-20-00177-CR**

**RODNEY KEVIN WILLIAMS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 262nd District Court
of Harris County, Texas (Tr.Ct.No. 1231935)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*